**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN J. VOSS, JR.,

                             Plaintiff,

      - v -                                             Civ. No. 1:08-CV-133
                                                                 (TJM/RFT)

UNITED STATES OF AMERICA, ALBANY VA MEDICAL
CENTER, DEPARTMENT OF VETERAN AFFAIRS,

                             Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

JOHN J. VOSS, JR.
Plaintiff, *Pro Se*
c/o 100 Orchard St.
Apartment 6c
Rensselaer, New York 12144

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

       The Clerk has sent to the Court a civil rights Complaint, together with an Application to Proceed *In Forma Pauperis* (IFP), and a Motion to Appoint Counsel, filed by *pro se* Plaintiff John J. Voss, Jr. Dkt. No. 1, Compl; Dkt. No. 2, Mot. for IFP; Dkt. No. 3, Mot. to Appt. Cnsl. Because the pleading filed by Voss fails to satisfy the basic pleading requirements, as more fully discussed below, this Court recommends an order be issued directing Plaintiff to file an amended complaint should he wish to avoid dismissal of this action.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

Accompanying Plaintiff's Complaint is a Motion for Leave to Proceed with this Action *In*

*Forma Pauperis*. Dkt. No. 2. This Court has already reviewed and granted Plaintiff's Application. Dkt. No. 5, Order, dated Feb. 27, 2008. However, within that Order, we incorrectly directed the Clerk of the Court to issue Summonses and have the Marshal complete service. *Id*. Such direction to the Clerk was incorrect in light of this District's practice of having an initial review of *pro se* civil complaints. Accordingly, while it was proper for this Court to allow Plaintiff to proceed with this matter *in forma pauperis*, the Court vacates its prior Order due to the mistake contained therein and directs the Clerk of the Court to strike the following docket entries which inevitably resulted from the improper direction: Dkt. No. 5, Order on Application to Proceed Without Pre-Payment of Fees; Dkt. No. 6, General Order #25; and Dkt. No. 7, Summonses. By this Order, the Court reinstates permission for Plaintiff to proceed with this matter *in forma pauperis*.

### B. Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

**C. Allegations Contained in the Complaint**

A review of the Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The Complaint is, at best, disjointed and confusing. Though Plaintiff utilized a pro forma complaint used for § 1983 actions, the Court cannot discern <u>any</u> information beyond the name of the parties being sued, and even that task proved challenging. Plaintiff's pleading is comprised of incoherent lists of ailments, dates, and constitutional references,

and much of his handwritten, unnumbered paragraphs are simply illegible.[1]  *See generally* Compl. The remaining twenty pages are exhibits and provide no further incite as to the basis for Plaintiff's claim for relief.

Since Voss's Complaint plainly does not comply with the requirements of the above-mentioned rules, we recommend the District Judge advise Voss that unless he files an amended complaint his action will be dismissed.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance.  Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Voss is suing in the present lawsuit and must bear the case number assigned to this action.  The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Thus, if Voss claims that his civil and/or constitutional rights were violated by more than one Defendant, or on

---

[1] By way of example, in response to the paragraph of the pro forma Complaint directing Plaintiff to set forth the facts substantiating his claims of civil rights violations, Plaintiff writes:

> 1st – 4th – 8th Amendments – 1151 – Tort Heart, brain [illegible], 1989 [illegible] exam by Social Security, 1993 incidence Heart attack stroke 4-12-93-4-19-93 Albany VA [illegible] 95% blockage Left 45% Right misdiagnosed concl of schizophrenia, Diabetes Type II, 3 months complaints of chest throat pain all medical claimed 1974 Albany VA within one yr service discharge contend that while serving 1971-1973 US Army Ft Dix NJ 1971-Ft Eustis VA 1971-Ft Richardson Alaska until Jan 73, I had multitutude colds, flu, virus [illegible] tobacco, red meats, stress etc within time served and that a Apr 93 [illegible] 95%-45% both brain heart injury shows negligence of care as a 1989 report of Social Security was an award based on [illegible].

Compl. at ¶ 4.

Then, in the section entitled "First Cause of Action," Plaintiff writes:

> 2 – 1151 – Tort brain injury, heart, pulmonary compensations of same, hearing, vision, feet-plantar [illegible], Diabetes as it is a birth and served with, allergies sinus - (ears, nose, throat - arthritis - (caused by [illegible] medications) spinal knee conditions - caused by fall 1971 Ft Dix NJ [illegible] and profile while training as a field wireman: gastro intestinal cause by NSAIDS (prescription med) bone loss cause by [illegible].

*Id*. at ¶ 5.

more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendants not named in such pleading shall not be Defendants in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

### D. Motion for Appointment of Counsel

Lastly, we address Plaintiff's Motion for Appointment of Counsel. Dkt. No. 3. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp v. Horowitz.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits of the claims, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v.*

*State of N.Y.*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; but, they do have to show likely merit. *Id.*

This action was only recently commenced. Given the above analysis, this Court cannot assess the merits of Plaintiff's allegations due to the illegibility and insufficiency of his pleading. Where a Plaintiff provides mere allegations relating to his or her claims, as opposed to evidence, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). In light of the foregoing, the Court **denies** Plaintiff's Motion for Appointment of Counsel without prejudice.

**WHEREFORE**, it is hereby

**ORDERED**, that this Court's prior Order, dated February 27, 2008 (Dkt. No. 5), shall be **vacated and stricken from the record**, for the reasons stated above. The Clerk of the Court shall also strike Dkt. Nos. 6 & 7, as explained above; and it is further

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 2) is **granted**;[2] and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **denied without prejudice**; and it is further

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

---

[2] Plaintiff should note that although the Application to Proceed *In Forma Pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above. In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper. Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: April 2, 2008
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge