**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN J. VOSS, JR.,

                              Plaintiff,

        - v -                                            Civ. No. 1:08-CV-133
                                                                       (TJM/RFT)

UNITED STATES OF AMERICA, *et al.*,

                              Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

JOHN J. VOSS, JR.
Plaintiff, *Pro se*
Veterans Transitional Facility
Vietnam Veterans of Brevard
700 E. Fee Ave.
Melbourne, FL 32901

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     On February 5, 2008, *pro se* Plaintiff John Voss, Jr., filed a Complaint with the Clerk of the District Court against the United States of America, VA Medical Center, and the Department of Veteran Affairs. Dkt. No. 1, Compl. He also submitted a Motion to Proceed *in Forma Pauperis* (IFP) and a Motion to Appoint Counsel. Dkt. Nos. 2 & 3. On April 3, 2008, this Court rendered a Report-Recommendation and Order wherein we granted Plaintiff's Application to Proceed IFP and denied his request for appointed counsel. Dkt. No. 9. Within that Report-Recommendation, this Court further noted that Plaintiff's Complaint failed to comply with the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10. *Id*. at pp. 3-4. In this regard, we noted that much of Plaintiff's pleading was comprised of "incoherent lists of ailments, dates, and constitutional

references[,]" which, alongside twenty pages of Exhibits, provided no insight as to the basis for Plaintiff's claim for relief. *Id*. Accordingly, we recommended, in light of Plaintiff's *pro se* status, that prior to dismissing Plaintiff's case, Plaintiff be provided an opportunity to amend his Complaint. *Id*. In rendering this recommendation, we offered some guidance to Plaintiff as to how an amended pleading should be drafted, though by no means were these guidelines mandated. *Id*. at pp. 4-5.

On August 13, 2008, after reviewing Plaintiff's objections to this Court's recommendations, the Honorable Thomas J. McAvoy, Senior United States District Judge, adopted our recommendations and directed Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. Dkt. No. 21.

After filing several correspondences with the Court (Dkt. Nos. 23-26),[1] Plaintiff filed what he entitled an "Amended Complaint" (Dkt. No. 22), however, this purported pleading fails to cure the deficiencies noted in this Court's previous Report-Recommendation. There is no caption on this pleading, no Defendants named, no stated basis for the Court's subject matter jurisdiction, no separately numbered paragraphs, and most importantly, no plain statement of the facts giving rise to a claim for relief. *See generally* Dkt. No. 22. It is only through our review of Plaintiff's superfluous filings (Dkt. Nos. 23-26) has this Court grasped, to some extent, the nature of Plaintiff's claims, to wit, it appears that Plaintiff is attempting to adjudicate in this Court a determination made regarding veterans benefits sought. Having no true context to ascertain the events which led

---

[1] Following Judge McAvoy's Decision and Order, Plaintiff filed numerous correspondence, which were reviewed by this Court. In the regular course of maintaining the docket and ensuring that only proper filings remain, this Court was prepared to strike the Plaintiff's filings as it was unclear what relief was being sought and because none of the filings conformed to the Court's Local Rules of Practice. However, the improper filings contained some explanations for filing the Complaint and, in this regard, proved somewhat helpful to the Court in garnering some understanding of the basis of Plaintiff's claim for relief in this action, much more so than Plaintiff's purported Amended Complaint. Because the Court considered these filings in rendering the instant recommendation of dismissal, we will not strike them from the docket.

Plaintiff to this Court's door, we are inclined to recommend dismissal for failure to state a claim and to comply with Federal Rules of Civil Procedure 8 and 10. But another inquiry struck this Court when reviewing Plaintiff's submissions: What subject matter jurisdiction does this Court have to entertain this action or further direct an amended of the pleading?

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the want of its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973). A challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the court. *Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988); FED. R. CIV. P. 12(h)(3); *see also United States v. Griffin*, 303 U.S. 226, 229 (1938); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. at 229; FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To the extent Plaintiff is indeed challenging a benefits determination made by the United States Department of Veterans Affairs, this Court is without subject matter jurisdiction to provide such review. Pursuant to federal statute, decisions rendered by the Secretary of the Department of Veterans Affairs is final, subject only to one appeal to the Board of Veterans' Appeals. 38 U.S.C. §§ 511 (Secretary's decision relating to benefits is final) & 7104(a) (Matters determined by the Secretary of Department of Veterans Affairs are subject to one review on appeal to the Board of Veterans' Appeals). Should the Board of Veterans' Appeals render an unfavorable ruling, the next step would be an appeal to the United States Court of Appeals for Veteran Claims. *Id*. at § 7252(a) ("The Court of Appeals for Veterans Clams shall have exclusive jurisdiction to review decisions of

the Board of Veterans' Appeals"). After completing these three levels of review, should the applicant still feel dissatisfaction with the result, his or her only recourse for federal court review lies in the Court of Appeals for the Federal Circuit. *Id.* at § 7292(c) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction[.]"). The Federal Circuit's judgment is final, subject only to review by the Supreme Court upon *certiorari*. *Id.* Thus, to the extent Plaintiff seeks review of a denial of benefits, this Court lacks subject matter jurisdiction and the claim should be dismissed. *McMillan v. Togus Regional Office, Dep't of Veteran Affairs*, 2003 WL 23185665, at *1 (E.D.N.Y. Nov. 18, 2003).

In addition to originally naming the Department of Veteran Affairs as a Defendant, Plaintiff named the United States of America and the Albany VA Medical Center. Again, the basis for relief against these entities is unclear, though several times throughout Voss' numerous filings he repeats the words "tort" and "medical malpractice." Seemingly, he is seeking relief for claims of negligence arising out of medical care. Yet, again, his statement of his case is incomprehensible. Were he attempting to state a claim for the tort of negligence and/or medical malpractice against a Veterans Medical Center, he must proceed under the Federal Tort Claims Act (FTCA). *See Metzen v. United States*, 19 F.3d 795 (2d Cir. 1994). But, the FTCA only authorizes suits against "the United States itself, not its individual agencies." *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983) (citing 28 U.S.C. § 2680(a)). Accordingly, the Court would recommend dismissal of the Albany VA Medical Center as an improper Defendant. The only remaining Defendant would be the United States of America.

Pursuant to 28 U.S.C. § 2675(a), a plaintiff may not maintain an action against the United States under the FTCA unless he first files an administrative claim with the appropriate federal

agency. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff does not allege that he filed an administrative claim under the FTCA. Accordingly, to the extent Plaintiff is seeking relief pursuant to the FTCA, his claim must be dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Plaintiff's Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 22) be **dismissed** for failure to state a claim and failure to establish subject matter jurisdiction. In light of this recommendation, the Court further recommends that this entire action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: September 18, 2008
 Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge